**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Colin NATHANSON, Defendant–Appellant.**

**No. 13–56410.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2014.

Filed Oct. 30, 2014.

Jean–Claude Andre, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Robert J. Keenan, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Kurt David Hermansen, Esquire, Law OFC of Kurt David Hermansen, San Diego, CA, for Defendant–Appellant.

Colin Nathanson, pro se.

Before: TALLMAN, BEA, and FRIEDLAND, Circuit Judges.

## MEMORANDUM *

Colin Nathanson appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his 324–month sentence for mail fraud. We have jurisdiction under 28 U.S.C. § 2255(d), and we affirm.

tion and is not precedent except as provided

Nathanson has not shown "that counsel's representation fell below an objective standard of reasonableness." *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellate counsel are not required to raise every nonfrivolous claim in a merits brief, and " '[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.' " *Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986)). It was not clear that a due process claim based on *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), would have been stronger than the claims Nathanson's counsel actually raised.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.